IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTONIO P. LANCE,
a/k/a MARIAH M. LANCE,

                                                        OPINION AND ORDER

                    Plaintiff,

                                                            20-cv-874-bbc

            v.

WISCONSIN DEPARTMENT OF JUSTICE
AND DANE COUNTY SHERIFF'S OFFICE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se plaintiff Antonio P. Lance, who is a transgender woman known as Mariah M.

Lance, was formerly incarcerated at Dane County jail.  She has filed a civil action under 42

U.S.C. § 1983, alleging that jail staff failed to protect her from being assaulted.  Because

plaintiff was incarcerated when she filed her complaint, her complaint must be screened

under 28 U.S.C. § 1915A.

        Plaintiff may not proceed with any claims at this time because her complaint violates

Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has not provided sufficient

information for this court to determine whether her allegations state a claim against any

defendant.  Although I am dismissing the complaint, I will give plaintiff an opportunity to

file an amended complaint that explains her claims more clearly.

OPINION

Plaintiff's complaint is very brief.  She alleges that while she was incarcerated at Dane County jail, she was assaulted.  She says that jail staff failed to protect her from being assaulted by others, despite staff knowing that she was a transgender woman and that the assailants had a history of violence.

Plaintiff names only the Dane County Sheriff's Office and Wisconsin Department of Justice as defendants.  However, neither entity is a person that may be sued for constitutional violations under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58 (1989);  Whiting v. Marathon County Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004).  Most federal constitutional claims under § 1983 must be brought against the individual person who violated the plaintiff's rights, but plaintiff has not identified any jail staff member who was responsible for plaintiff being assaulted.  She also fails to provide any details about the assault, such as what happened, when it happened, where it happened and who was involved.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief."  This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate her rights.  The complaint must contain enough allegations of fact to support a claim under federal law.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8.

2

I will dismiss plaintiff's complaint without prejudice and give plaintiff the opportunity to file an amended complaint to identify and name as defendants the individuals involved and better explain her claims against them.  In drafting her amended complaint, plaintiff should be sure to state clearly what happened during the incident in question, when it happened and what each individual defendant did, or did not do, that plaintiff believes violated her constitutional rights.  Plaintiff also should make sure that she alleges facts to answer the following questions:

1.    When was plaintiff assaulted?

2.    Where did the assault happen?

3.    Who assaulted plaintiff?

4.    What happened after the assault?

5.    Why does plaintiff believe that jail staff should be liable for the assault?

Plaintiff should draft the amended complaint as if she is telling a story to someone who knows nothing about her situation.  She also should set forth her allegations in separate, numbered paragraphs and use short and plain statements.  Plaintiff should explain what happened in the complaint itself and not refer to facts contained in documents attached to the complaint.  After she finishes drafting a complaint, she should further review it and consider whether it could be understood by someone who is not familiar with the facts of her case.  If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that plaintiff Antonio Lance's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until January 26, 2021 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by January 26, 2021, I will dismiss this case with prejudice for her failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 5th day of January, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4