IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTONIO P. LANCE,
a/k/a MARIAH M. LANCE,

                                           OPINION AND ORDER

               Plaintiff,

                                           20-cv-874-bbc

     v.

WISCONSIN DEPARTMENT OF JUSTICE
AND DANE COUNTY SHERIFF'S OFFICE,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Antonio P. Lance, who is a transgender woman known as Mariah M. Lance, filed a civil action under 42 U.S.C. § 1983, alleging that staff at Dane County jail failed to protect her from being assaulted. In a previous order, I dismissed plaintiff's complaint because her allegations were too vague to state a claim upon which relief may be granted. I gave plaintiff the opportunity to file an amended complaint that explained her claims more clearly and identified proper defendants. Plaintiff has now filed a proposed amended complaint, dkt. #16, which is now before the court for screening under 28 U.S.C. § 1915A. For the reasons below, I am dismissing the amended complaint for plaintiff's failure to state a claim upon which relief may be granted.

     Plaintiff alleges the following facts in her amended complaint.

ALLEGATIONS OF FACT

     Plaintiff was booked into Dane County jail on June 2, 2020, as a result of probation violations. She was placed in the special needs pod for her protection because she had been

1

sexually assaulted in the past. Another inmate, Thomas Olsen, was also housed in the special needs pod. Prior to being housed there, Olsen had been removed from a different unit for getting into two fights. On June 26, Olsen "got into it" with another inmate. Olsen asked plaintiff which "side" she was on. Plaintiff interpreted this as Olsen asking her whether she supported black or white inmates. Plaintiff responded that she was on neither side, which made Olsen upset. Plaintiff told Deputy Kennedy, a deputy in the special needs pod, to keep watch on the pod.

On June 28, Olsen confronted plaintiff, stating, "You think I'm a punk? We can go fight in the shower." Plaintiff jumped up as if to fight Olsen, but Olsen acted as if he did not want to fight. Plaintiff started walking away, and Olsen hit plaintiff in the ear, knocking her down. Olsen then climbed on top of plaintiff and started punching her in the face. Plaintiff was knocked unconscious.

Plaintiff was later taken to an ear, nose and throat specialist for her injuries. She ultimately had to have surgery on her nose. Plaintiff was then housed in administrative confinement for her safety. She has suffered severe mental and emotional distress as a result of the incident.

OPINION

Plaintiff contends that jail staff violated her constitutional rights by failing to protect her from being assaulted by inmate Olsen. She states that because jail staff knew that Olsen was a bully who had a history of picking fights, Olsen should not have been housed in the

special needs pod. In addition, she contends that jail staff should have done more to protect plaintiff and other inmates from Olsen. Plaintiff does not name any specific jail staff as defendants, but she states in the body of her complaint that Deputy Kennedy and Tina, from the classifications department, were aware of Olsen's history of fighting.

The first question is what legal standard applies to plaintiff's claims. Different standards apply to an incarcerated person's failure-to-protect claims brought under the Constitution depending on the legal status of the plaintiff: the Eighth Amendment governs claims of convicted prisoners, and the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees. Collins v. Al-Shami, 851 F.3d 727, 731 (7th Cir. 2017). This distinction matters because, under the Eighth Amendment, convicted prisoners generally needs to show that the defendant intentionally harmed them or acted with deliberate indifference toward a risk of harm to them. Kingsley v. Hendrickson, 576 U.S. 389, 396–400 (2015). Pretrial detainees (who are not convicted prisoners) need not prove the defendant's subjective state of mind to prove a claim under the Fourteenth Amendment; they need show only that the defendant's actions were "objectively unreasonable." Id.

Plaintiff alleges that she was detained at the jail as a result of a probation violation, but the Court of Appeals for the Seventh Circuit has so far avoided deciding which standard applies to probationers awaiting a hearing on a probation violation. See, e.g., Estate of Clark v. Walker, 865 F.3d 544, 546 n.1 (7th Cir. 2017); Palmer v. Marion Cty., 327 F.3d 588, 592–93 (7th Cir. 2003); Brandy v. Marquette Cty. Jail, No. 20-CV-502-JDP, 2020 WL 4219825, at *2 (W.D. Wis. July 23, 2020). Because the Fourteenth Amendment is an easier

standard for plaintiff to meet, I will assume that the Fourteenth Amendment, rather than the Eighth Amendment, applies for the purposes of this order.

Jail officials have a duty to protect inmates from violent assaults by other inmates. Rice ex rel. Rice v. Corr. Med. Serv., 675 F.3d 650, 669 (7th Cir. 2012). A constitutional violation, however, does not occur "every time an inmate gets attacked by another inmate." Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008). Correctional facilities "are dangerous places often full of people who have demonstrated aggression." Id. Negligence by correctional officials "is not enough." Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2014) (citations omitted); see also Miranda v. Cty. of Lake, 900 F.3d 335, 353 (7th Cir. 2018) ("[I]t will not be enough to show negligence or gross negligence.") (citations omitted). To establish a Fourteenth Amendment failure-to-protect claim against a jail official, plaintiff must allege facts suggesting that:

> (1) the defendant made an intentional decision about the conditions under which the plaintiff was confined;
>
> (2) those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) the defendant did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) by not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (cited with approval by Hardeman v. Curran, 933 F.3d 816, 823 (7th Cir. 2019) and Miranda, 900 F.3d at 351, 354). See also Bowens v. Howled, No. 19-C-1540, 2021 WL 308539, at *2 (E.D. Wis. Jan. 29, 2021).

Plaintiff's allegations suggest that jail officials made an intentional decision to house plaintiff in the special needs pod, along with an inmate who had a known history of violence. Jail officials also knew that plaintiff had a history of being assaulted. However, plaintiff's allegations do not suggest that any decision by jail officials was objectively unreasonable under the circumstances. Plaintiff alleges that Olsen had been in two fights in the past, but she does not allege that inmate Olsen had a known history of assaulting transgender individuals or that Olsen had made threats to plaintiff. In particular, although plaintiff alleges that Olsen was upset that plaintiff refused to choose sides, she does not allege that Olsen threatened to attack her for her refusal. Finally, although plaintiff says she told Deputy Kennedy to keep a watch on the special needs pod, she does not allege that she warned Kennedy about Olsen in particular, or more importantly, about any threat that Olsen had directed to her. Kennedy's failure to move Olsen or plaintiff to a different location based on vague warnings might have been negligence, but it was not objectively unreasonable.

The court understands that plaintiff continues to suffer as a result of this unfortunate incident, and the court is sympathetic to plaintiff's situation. However, plaintiff has not shown that any Dane County jail official should be held responsible under the Constitution for the incident. Accordingly, plaintiff's complaint will be dismissed.

ORDER

IT IS ORDERED that plaintiff Antonio Lance's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered this 8th day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge